IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELISSA WILLIAMS                                                    PLAINTIFF

V.                                           NO. 15-2160

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Melissa Williams, brings this action pursuant to 42 U.S.C. §405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review,

the Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.       Procedural Background:**

Plaintiff filed her current application for DIB on May 8, 2013, alleging an inability to

work since June 1, 2012, due to epidural injections, muscle spasms, and left nerve issues.

(Doc. 14, pp. 58, 147, 150). Plaintiff's date last insured is December 31, 2013. (Doc. 14, p.

147). Accordingly, the relevant time period for this DIB claim is from June 1, 2012 through

December 31, 2013. An administrative hearing was held on May 7, 2014, at which Plaintiff

appeared with counsel and testified. (Doc. 14, pp. 28-57).

By written decision dated September 24, 2014, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe –

1

back disorder, skin/tissue disorder, and psoriatic arthritis. (Doc. 14, p. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 14, p. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she is limited to occasional performance of postural activities, i.e., climbing, balancing, crawling, kneeling, stooping and crouching.

(Doc. 14, p. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform her past relevant work as an insurance benefits clerk and payroll clerk. (Doc. 14, p. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 5, 2015. (Doc. 14, pp. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc.6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

3

to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.   See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. § 404.1520,  abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

## III.   Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in his Step 4 analysis; 2) Whether the ALJ failed to fully develop the record; 3) Whether the ALJ erred in his credibility analysis; and 4) Whether the ALJ erred in his RFC determination. (Doc. 12).

### A.  Credibility:

Plaintiff argues that the ALJ did not perform a proper credibility analysis. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Doc. 14, p. 17). The ALJ noted that Plaintiff's activity level was inconsistent with one who was so debilitated by pain that they could not work, such as the fact that she cared for three small children; did chores all day; prepared meals; did laundry; washed windows; took out the trash; went shopping as needed for her family; ran other errands; and cared for her youngest child all day. (Doc. 14, p. 18). He acknowledged that she might be experiencing pain that caused her to work more slowly, but was nevertheless able to engage in those activities. He also noted that Plaintiff left her job because she wanted to be a stay-at-home mother and had never attempted to look for another job since leaving her last place of employment. (Doc. 14, p. 18).

The ALJ also discussed all of the objective medical evidence, observing the fact that Dr. Thomas Cheyne, an orthopedic specialist, recommended light activity and heat. (Doc. 14, p. 17). Dr. Cheyne also prescribed epidural steroid injections and noted in March of 2013, Plaintiff was "doing significantly better although still having some discomfort." (Doc. 14, p. 17). In addition, although Plaintiff testified that physical therapy gave her no relief (Doc. 14, p. 41), the physical therapy records reveal that: on May 30, 2013, Plaintiff had decreased pain post Rx and felt better upon leaving (Doc. 14, p. 248); on June 5, 2013, Plaintiff reported to the physical therapist that she had decreased low back pain and only had right lumbar pain and hip achiness (Doc. 14, p. 250); on June 7, 2013, Plaintiff reported to the physical therapist that she was feeling better with decreased pain since she started taking prednisone the prior week (Doc. 14, p. 252); and on June 13, 2013, Plaintiff reported to the

physical therapist that she was "doing great" because she had no pain for the first time in a year, and only had soreness in her left hip. (Doc. 14, p. 256).

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

## B.  RFC Determination:

Plaintiff argues that there is ample evidence in the case that Plaintiff was limited beyond the RFC, and that Plaintiff attempted to get medical intervention for her pain, without any relief. The Court disagrees. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'"  Barrows v.

Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting

from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

On June 28, 2013, non-examining consultant, Dr. Jerry Thomas, completed a Physical

RFC Assessment, finding that Plaintiff could perform light work. (Doc. 14, pp. 64-65). On

October 15, 2013, non-examining consultant, Dr. Sharon Keith, came to the same conclusion.

(Doc. 14, p. 76). In addition, on August 16, 2013, Plaintiff's treating physician, Dr. W. Javier

Cruz, diagnosed Plaintiff with lumbago and psoriasis, and reported that the severity of the

problem was mild and the problem was improved, that the frequency of pain was

intermittent, the location of the pain was bilateral lower back, and that symptoms were

associated with bending over, climbing stairs and lifting. (Doc. 14, p. 283).  These symptoms

have been provided for in the ALJ's RFC assessment.

In this case, there is substantial evidence to support the ALJ's RFC determination. He

provided for Plaintiff's credible limitations by finding that she could perform sedentary work

with postural limitations, limiting Plaintiff to work requiring her to occasionally climb,

balance, crawl, kneel, stoop, and crouch. (Doc. 14, p. 15). In addition, as stated earlier, Dr.

Cheyne only limited Plaintiff to "light activity." (Doc. 14, p. 17).

Based upon the foregoing, the Court finds there is substantial evidence to support the

ALJ's RFC determination.

### C.  Failure to Fully Develop the Record:

Plaintiff argues that the ALJ should have sought further clarification regarding the

severity of her impairments from her treating physician Dr. Russell Branum. "Plaintiff bears

a heavy burden in showing the record has been inadequately developed." Chapman v. Colvin,

No. 4:15-CV-00522-JLH-JJV, 2016 WL 2585652 at *4 (E.D. Ark. Apr. 11, 2016). The ALJ

7

has a duty to fully and fairly develop the record. <u>See</u> <u>Frankl v. Shalala</u>, 47 F.3d 935, 938 (8th Cir. 1995); <u>Freeman v. Apfel</u>, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel. <u>Payton v. Shalala</u>, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. <u>See</u> 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. <u>Vossen v. Astrue</u>, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  <u>See</u> <u>Shannon v. Chater</u>, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."  <u>Matthews v. Bowen</u>, 879 F.2d 423, 424 (8th Cir. 1989).  "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." <u>Mans v. Colvin,</u> No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting <u>Battles v. Shalala</u>, 36 F.3d 43, 45 (8th Cir. 1994).

The ALJ discussed the records of rheumatologist, Dr. Russell Branum, at length. (Doc. 14, p. 17-18). The ALJ noted that in late April 2014, Plaintiff returned to Dr. Branum and complained of some difficulty with daily activities, but denied an inability to engage in any activities. (Doc. 14, p. 18). He further noted that Dr. Branum opined that he might prescribe Humira, described her psoriatic skin disease as "minimal," and recommended

continued use of topical agents, as well as continued use of Prednisone at the lowest possible dosage.

The Court finds that the existing medical sources contain sufficient evidence for the ALJ to make a determination regarding Plaintiff's ability to function in the workplace.

**D.     Step 4 Analysis:**

Plaintiff argues that the ALJ provided no specific findings or analysis regarding the mental demands of Plaintiff's past work. At the hearing, Plaintiff was questioned about her duties as an insurance benefits representative at J.B. Hunt, and as garnishment processor at Wal-Mart. (Doc. 14, pp. 35-38). The ALJ also asked the VE to classify the insurance benefits clerk and payroll clerk, and the VE testified they were both sedentary, semi-skilled positions. (Doc. 14, p. 54). In addition, Plaintiff had no history of hospitalization or outpatient treatment for any psychiatric problems.  Nor is there any evidence that Plaintiff was ever diagnosed with depression. The Court finds that the record was fully developed regarding the physical and mental demands of Plaintiff's past relevant work, and that Plaintiff has failed to meet her burden of showing that the record has been inadequately developed.

**E.  Hypothetical Question:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform her past relevant work as an insurance benefits representative and payroll clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir.

9

1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.   The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 6th day of September, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE